UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| REGINALD LENOIR HOLT, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:17-cv-1338-RDP-GMB |
| WARDEN CHRISTOPHER GORDY, and ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On May 15, 2020, the Magistrate Judge entered a report recommending that the court dismiss with prejudice Petitioner Reginald Holt's untimely petition for a writ of habeas corpus. (Doc. # 11). The Magistrate Judge advised the parties of their right to file specific written objections within 14 days. (Doc. # 11). After the court granted Holt's motions for an extension of time, Holt filed timely objections on July 6, 2020. (Docs. # 13, 15, 16).

Holt objects to the Magistrate Judge's conclusion that his petition is barred by the statute of limitations. First, Holt argues that he is actually innocent of first-degree rape under Alabama Code § 13A-6-61(a)(3) because that statute is unconstitutional. (Doc. # 15 at 1–6). This argument misses the target because only "factual innocence, not mere legal insufficiency," will overcome a procedural bar. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

Next, Holt argues that he is factually innocent of first-degree rape and that the Etowah County District Attorney "tricked or misled [him] into signing the explanation of rights and guilty plea form." (Doc. 15 # at 6, 8). Holt explains that the prosecutor offered him a "20 year split 5 year sentence" if he pled guilty to one count of rape. (Doc. # 15 at 7). He claims that this occurred during a hearing, and that after he "signed the waiver of rights and guilty plea document," the court

1

suspended the hearing for lunch. (Doc. # 15 at 7). According to Holt, when the hearing resumed, the prosecutor told him that "he could not get the agreed upon 20 years split 5 years sentence." (Doc. # 15 at 7). Holt also alleges that the prosecutor told the court he had six prior felony convictions even though he has none. (Doc. # 15 at 7).

These allegations challenge the voluntariness of Holt's guilty plea, but they do not constitute "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—that was previously unavailable to him to support his claim that he is actually innocent of the crime itself. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Accordingly, Holt has not shown he is actually innocent of the crime, and therefore entitled to equitable tolling of the statute of limitations. Thus, he has provided no basis upon which to conclude that his petition is timely.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **OVERRULES** the objections. The court hereby **ADOPTS** the report of the Magistrate Judge and **ACCEPTS** his recommendation. In accordance with the recommendation, the court finds that the petition is due to be dismissed as untimely.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Petitioner's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this July 10, 2020.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE